**United States District Court for the District of New Hampshire**

_____
                                        )
CALDERIA, LLC, GREGORY B. RICHARDS, and )
VANDERBURGH HOUSE, LLC,                 )
    Plaintiffs,                         )
                                        )
    v.                                  )   Civil Action No. 24cv222
                                        )
CITY OF CLAREMONT,                      )
    Defendant.                          )
_____)

**COMPLAINT AND JURY DEMAND**

    This Complaint is an action for a violation of and injunctive relief under the federal Fair Housing Act as Amended ("FHAA"), the Americans with Disabilities Act ("ADA") and for infliction of emotional distress. This action concerns a residential property located in Claremont, New Hampshire that is owned by Calderia, LLC, operated by Vanderburgh House, LLC and occupied formerly by Gregory B. Richards and others.

**PARTIES**

    1. The Plaintiff, Calderia, LLC, is a limited liability company with a business address of 119 Forest Street, Worcester, MA 01609 ("Calderia"). At all material times hereto, Calderia owned the property known as 189 Broad Street, Claremont, NH (the "Property").

    2. The Plaintiff, Gregory B. Richards, last permanent address was 189 Broad Street, Claremont, NH.

    3. The Defendant, City of Claremont, is a municipality with an address of 14 North Street, Claremont, NH 03743.

    4. The Plaintiff, Vanderburgh House, LLC is a limited liability company with a business address of 1 N. Main Street, Webster, MA 01570.

**JURISDICTION**

    5. This Court has personal and subject matter jurisdiction as the Property is located in New Hampshire and this matter concerns claims under the federal Fair Housing Act as Amended and the Americans with Disabilities Act.

1

## FACTS

6. At material times hereto, Vanderburgh House, LLC, wholly owned by Vanderburgh Foundation, Inc. ("Vanderburgh"), provided sober housing for individuals in recovery from substance use who resided at the Property.

7. The Property was being used as congregate housing for individuals in recovery from substance use, who were living together as a single-housekeeping unit, sharing all common areas, kitchen and bathroom facilities, sharing chores, domestic responsibilities and supporting each other in recovery from substance use.

8. The individuals living at the Property, including Plaintiff Richards, are individuals in recovery from substance use who qualify as disabled under the FHAA and/or ADA.

9. Under letter dated May 8, 2024, the City of Claremont issued a written order to vacate the Property effective May 16, 2024 ("Order to Vacate"). See Exhibit A hereto.

10. Under letter dated May 15, 2024, Vanderburgh responded to the Order to Vacate, indicating the Property was being used for single-family occupancy, a "carriage house" would not be occupied, and requesting a reasonable accommodation while NHCORR certification was pursued and permits for occupancy of the carriage house were obtained. See Exhibit B hereto.

11. Unable to obtain relief from the City of Claremont to continue with the status quo while NHCORR certification and permitting were being pursued, Vanderburgh reduced the occupancy of the Property to five (5) individuals, to fit within the City of Claremont's definition of a family, making moot any claim by the City of Claremont that there was a change in use triggering other legal requirements. See Exhibit C hereto.

12. The City of Claremont's local zoning code defines a family as, "*Family* shall mean any number of individuals living together as a single residential housekeeping unit occupying a dwelling unit, provided that a group of not more than five (5) individuals not necessarily related by blood, marriage, or adoption may be considered a family."

13. Irrespective of reducing the occupancy of the Property to five (5), the City of Claremont refused to allow continued occupancy by Plaintiff Richards and the four other individuals previously living at the Property.

14. On May 31, 2024, an agent of the City of Claremont then sent an email as follows:

Mr. Foote,

A few points that may want to know. I did leave the wonderful City of Claremont for a different opportunity that had been in the works for almost two months prior to my last day and was by no means abrupt.

As for you and the building located at 189 Broad St we again would like nothing more than to have the gentlemen return to a safe residence in their journey in bettering themselves. Unfortunately your advertising and organizational structure operates as a boarding house or rooming house operation. The residence provide a security deposit and pay weekly rent to reside in a shared bedroom with others they may or may not have known prior to moving in. You have not provided any clarification of proof that any changes have been made to how you operate or how you use the building that would allow the city to change its view of classification of the occupancy.

Should Calderia LLC reach a rental agreement with a single resident, and that resident had roommates that resided with him that would change how the building is being use and the occupancy classification. This would allow 5 unrelated roommates to reside in a single family home and operate as a family.  If you desire to continue your current business structure with separate rent from each resident then you would need to either (1) obtain an occupancy permit for the changed use or (2) obtain a variance to be classified as a single family use with a boarding house structure.

Leigh

15.  Later that same day on May 31, 2024, Hunter Foote of Vanderburgh responded to Leigh Hayes, stating:

Hi Leigh,

This is incredibly confusing. You are operating using a Claremont email address but yet you admit that you have left your position.

In the interest of avoiding further discussion, I will assume that you are acting on behalf of the City of Claremont.

I'm curious if you require all rental property owners to submit lease agreements or for their properties or otherwise prove that they don't have disabled individuals living there, or otherwise cause some sort of undue burden on them if you suspect they may have disabled people living there. Very strange.

> Your email states "Should Calderia LLC reach a rental agreement with a single resident, and that resident had roommates that resided with him that would change how the building is being use and the occupancy classification. This would allow 5 unrelated roommates to reside in a single family home and operate as a family."
>
> Calderia, LLC has indeed reached such a rental agreement with a single resident. Please see the lease attached.
>
> I will inform this individual that he is free to return to his home and that he is allowed to have up to five unrelated roommates residing in this single family home provided that they operate as a family. I'm glad we were able to reach a resolution. If you wish to interrogate our tenant, he is willing to answer any questions you may have. He can be reached at 603-710-0416.
>
> Per your requirement, we will not collect rent from individual tenants. Should you invent additional requirements that you would impose on our agency, please advise and we will consider them.
>
> A family is finally returning home. While I am disappointed at how much this city has fought against the provision of housing to disabled individuals, I am happy that you did as close to the right thing as you could manage.
>
> Thank you;
>
> Hunter Foote

17. On May 31 2024, Calderia entered into a lease with Gregory B. Richards to occupy the Property. See Exhibit D hereto.

18. On or after May 31, 2024, the City of Claremont continued, though to this date, to refuse to allow Gregory B. Richards to occupy the Property.

19. On June 11, 2024, the City of Claremont sent a letter indicating that the Property could be occupied by 5 unrelated individuals, however, the City of Claremont also stated:

> As you have been repeatedly advised, if you select single family residence as the use, you cannot offer sober living programming without approval of the state fire marshal, certification from the NH Coalition of Recovery Residences and a use variance under the Claremont Zoning Code. The five unrelated occupants limit would still apply. Neither medical services nor related service uses are permitted without a variance in the PR zoning district in which this property is located.

See Exhibit E hereto.

20. On June 24, 2024, counsel to Calderia responded to the City of Claremont's June 11, 2024 letter stating:

4

Attorney Feleen:

The City's zoning allows for 5 unrelated individuals to reside together as a single housekeeping unit. This is the nature of a sober house occupancy- individuals in recovery sharing an entire house, cooking facilities, bathrooms and common areas. They share chores, support each other in recovery and practice abstinence. There is no treatment or "program" in a medical sense. This is not a "boarding house" as the City defines same.

Your letter states:

*As you have been repeatedly advised, if you select single family residence as the use, you cannot offer sober living programming without approval of the state fire marshal, certification from the NH Coalition of Recovery Residences and a use variance under the Claremont Zoning Code. The five unrelated occupants limit would still apply. Neither medical services nor related service uses are permitted without a variance in the PR zoning district in which this property is located.*

1) Sober living "programming" does not involve medical services, treatment or anything that requires a license. It involves an agreement to participate in a sober environment under a lease. The state fire Marshall does not approve, manager or control sober housing.

2) NH Coalition of Recovery Residences is voluntary, such is not necessary to exist as sober housing.

3) 5 unrelated individuals who are NOT disabled can live tougher under the City's zoning without a use variance, therefore it is *per se* discriminatory to not allow 5 unrelated *disabled* individuals to live together.

I ask again, for the same reasonable accommodation requested on May 23rd:

I understand my client would like to occupy 189 Broad Street to the extent the Town's code allows a family to do so. This means 5 unrelated individuals may reside together as a single residential housekeeping unit. As the Town knows, the individuals in question are a protected class under the Fair Housing Act (and ADA). As such, a reasonable accommodation was requested by my client to allow these 5 individuals to live at the property, even if the Town disagrees that they constitute a "family." My understanding is that the Town will not let this occupancy to occur. This appears to be a discriminatory application of the Town's code and a wrongful denial of a reasonable accommodation. Please let me know if my client may use the property to provide housing to 5 unrelated individuals in recovery from substance use.

Please let me know if City stands by its June 11, 2024 letter and is denying the requested occupancy and reasonable accommodation. If so, I will pursue a lawsuit in Federal Court and seek damages for the lost housing.

5

I look forward to hearing from you, this has gone on too long.

Sincerely,

Andrew J. Tine, Esq.
18 Maple Avenue, #267
Barrington, RI 02806
401-396-9002 tel.

21. In response to the above email sent June 24, 2024 to Attorney Feelen, the City of Claremont stood by their position, stating via email on July 2, 2024: "Hello Attorney Tine- we have reviewed your email. The City of Claremont stands by my letter to Mr. Foote of 6/11/2024."

22. The City of Claremont's conduct and actions towards the Plaintiffs is discriminatory. Further, the reasonable accommodation sought, was reasonable and necessary.

23. Failure to make reasonable accommodation is a violation of the Fair Housing Act.

24. The accommodation is necessary for equal access to housing. Granting the accommodation would not impose an undue financial or administrative burden upon the City.

25. The reasonable accommodation sought does not change the essential zoning scheme of a municipality.

26. The City of Claremont's intentional, wrongful actions, are directed towards the Plaintiffs because of the fact that the residents are disabled individuals in recovery from alcohol and/or drug abuse.

## COUNT I
### (Disparate Treatment and Failure to Grant a Reasonable Accommodation/Discrimination – Fair Housing Act)

27. Plaintiff incorporate and restates herein paragraphs 1-26 supra.

28. The Fair Housing Act ("FHA") forbids discrimination towards individuals because of their disability or discrimination against a person associated with them.

29. Federal law declares that discrimination is prohibited in failing to provide a reasonable accommodation or in effectuating discriminatory goals of others, or those of a municipality, through the use of or imposition of rules, laws or zoning, whether legal or otherwise, if done with discriminatory animus or without animus if done in a way that effectuates the discriminatory goals of others.

30. Calderia is associated with and/or provides housing to disabled/handicapped individuals.

31. The Plaintiff Richards and those who were occupying the Property are a protected class.

32. The City of Claremont's practice of allowing 5 unrelated individuals to live together as a family without additional code or legal requirements, but refusing the same occupancy when those individuals are in recovery from substance use is discriminatory.

33. The City of Claremont's refusal to grant a reasonable accommodation to allow 5 individuals in recovery from substance use to live together as a "family," is discriminatory because the City of Claremont allows 5 unrelated individuals to live together.

34. The proposed occupancy of 5 unrelated individuals who are disabled at the Property is reasonable and necessary under Federal law.

35. Gregory B. Richards has been harmed by being displaced from his home, having to live in temporary housing, which has caused lack of sleep and emotional distress.

36. The interaction with the City of Claremont and its agents, including police who were utilized to cause the residents of the Property to vacate, was extreme and outrageous, and has cause Gregory B. Richards to not trust the City and its agents/employees, and has caused mental anguish and mental harm.

37. The City of Claremont has violated the Plaintiffs' rights under the FHA by:

    a. denying a Reasonable Accommodation and otherwise making housing unavailable to the disabled;
    b. enforcing discriminatory rules and internal policies, changing and modifying the way laws are enforced to effectuate discriminatory goals;
    c. interfering with the rights of the Resident Plaintiff to live in the dwelling of their choice by refusing the requested Reasonable Accommodation and intentionally discriminating against him;
    d. failing to make reasonable accommodations in its enforcement of its rules, regulations and laws so as to afford an equal opportunity to the disabled to use and enjoy the aforementioned dwelling; and
    e. selective enforcement and/or targeting of Calderia because of its association with the disabled and the exercise of its fair housing rights.

38. The Defendant's conduct in trying to exclude disabled individuals from residential neighborhoods is discriminatory towards and has damaged the Plaintiffs by causing them to: incur legal fees; injuring the occupants; interfering with the

quiet enjoyment and occupancy of the Property; resulting in the "illegal use" of the Property for sober housing; and causing business losses, damages and emotional pain and suffering to the Resident Plaintiff.

39. The City of Claremont is using the code/zoning for a discriminatory goal and have knowingly and/or intentionally ignored the rights of the Plaintiffs under applicable law to effectuate discriminatory goals of the City and/or certain residents of and/or agents of the City, to the detriment and harm of the Calderia and Plaintiff Richards.

WHEREFORE, Plaintiffs pray for a temporary and/or preliminary injunction against the Defendant from imposing requirements and/or refusing to allow housing for the disabled and by those providing housing to the disabled, including Calderia and Vanderburgh, because of their association with the disabled. Further, Plaintiffs seek damages to be proven at trial against the Defendant for failing to grant a reasonable accommodation and intentional discrimination, including direct and indirect damages, consequential damages, punitive damages, emotional pain and suffering by the resident Plaintiff, and attorney fees, costs and interest.

## COUNT II
### (Discrimination – Americans with Disabilities Act)

40. Plaintiffs incorporate and restates herein paragraphs 1-39 supra.

41. Calderia and Vanderburgh are associated with, and/or provide housing to people with disabilities as defined in 42 U.S.C. 12102(2).

42. The City of Claremont is a public entity pursuant to 42 U.S.C. 12131(1).

43. The actions of the City of Claremont to treat the use of the Property as something other than a single-family home violates the rights of the Plaintiffs under the Americans with Disabilities Act and the regulations promulgated thereunder by:

    a. denying the individual occupants who are in recovery from alcoholism and/or substance abuse the opportunity to participate in or benefit from the supportive housing offered by the Plaintiffs Calderia and Vanderburgh;

    b. using City of Claremont internal policies and methods of administering the code through laws and regulations enacted in the State of New Hampshire with the purpose of subjecting the Plaintiff and Resident Plaintiff to discrimination based upon their provision of housing to the handicapped and/or their handicap;

    c. subjecting Calderia and Vanderburgh because of their association with the disabled to discriminatory practices and enforcement of the law;

      d.  utilizing licensing and code requirements and changing the manner of enforcement of laws to deny equal rights to disabled persons; and

      e.  utilizing licensing, code requirements and laws, that are not imposed upon other groups of related non-disabled persons, to deny Plaintiff and/or Plaintiff Resident of the Property the enjoyment of their rights.

44.  The City of Claremont's conduct in seeking to exclude disabled individuals from a residential neighborhood by deeming said occupancy something other than a single family home and in refusing to recognize the occupancy as a "family" and then changing the enforcement requirements for the definition of "family" to effectuate the exclusion from the neighborhood under the auspices of zoning, and in failing to grant a reasonable accommodation, is discriminatory towards and has damaged the Plaintiffs.

WHEREFORE, Plaintiffs pray for a temporary and/or preliminary injunction against the Defendant to prevent the City of Claremont from imposing requirements and/or refusing to allow housing for the disabled and by those providing housing to the disabled, including Calderia and Vanderburgh, because of its association with the disabled.  Further, Plaintiffs seek damages to be proven at trial against the Defendant for failing to grant a reasonable accommodation and intentional discrimination, including direct and indirect damages, consequential damages, punitive damages, emotional pain and suffering by the Resident Plaintiff, and attorney fees, costs and interest.

## COUNT III
### (Intentional Infliction of Emotional Distress)

45.  Plaintiffs incorporate and restates herein paragraphs 1-44 supra.

46.  The City of Claremont has knowing, wrongfully and intentionally discriminated against the resident Plaintiff.

47.  The resident Plaintiffs have been harmed by the extreme and outrageous conduct set forth *supra*, which intentionally and/or recklessly caused severe emotional distress to the resident Plaintiff, not knowing the stability of and being fearful of losing their housing, causing serious mental and emotional harm accompanied by objective physical symptoms, including relapse, loss of sleep, sickness, anxiety and/or severe stress, said symptoms being experienced by them before the filing of this lawsuit.

WHEREFORE, the Plaintiff Richards prays for an award of monetary damages against the City of Claremont in an amount of be proven at trial, plus costs and interest.

**Plaintiffs request a trial by jury on all counts so triable.**

Dated this 20th day of July 2024.

For the Plaintiffs,
By their Attorney,

*/s/Andrew J. Tine*
Andrew J. Tine (NHBAR 19396)
Law Offices of Andrew J. Tine
18 Maple Avenue, #267
Barrington, RI 02806
atine@tinelaw.com
401-396-9002 – Tel.