UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Calderia, LLC, et al.

      v.                                      Civil No. 24-cv-222-LM
                                            Opinion No. 2025 DNH 054 P

City of Claremont, NH

**O R D E R**

Plaintiffs Calderia, LLC ("Calderia"), Vanderburgh House, LLC ("Vanderburgh"), and Gregory B. Richards are respectively the owner, the operator, and a former resident, of a sober living home. Plaintiffs bring suit against the City of Claremont, New Hampshire, alleging that the City has subjected them to heightened scrutiny and selective enforcement of its zoning laws due to animus against persons in recovery from substance use disorder. Presently before the court is the City's motion to reconsider this court's order (doc. no. 26) granting in part and denying in part the City's motion to dismiss. For the following reasons, the City's motion is denied.

**STANDARD OF REVIEW**

Motions to reconsider orders denying motions to dismiss are governed by Local Rule 7.2(d). See LR 7.2(d); see also Bautista Cayman Asset Co. v. Centro Cardiovascular de Manatí III, C.S.P., 731 F. Supp. 3d 264, 268 (D.P.R. 2024) (explaining that motions to reconsider orders that are not final appealable judgments are not governed by Rules 59 or 60). Under that rule, a party seeking

reconsideration must show "that the order was based on a manifest error of fact or law." LR 7.2(d). Reconsideration is an extraordinary remedy that should be applied sparingly, and is usually limited to situations in which there is "newly discovered evidence" or an "intervening change in the law." Fujifilm N. Am. Corp. v. M&R Printing Equip., Inc., Civ. No. 20-cv-492-LM, 2022 WL 18998942 at *1 (D.N.H. Dec. 16, 2022). A motion to reconsider will be denied "when the motion merely rehashes already presented arguments or introduces new evidence or arguments that could have been presented before the court's ruling." Id.

## DISCUSSION

The City advances numerous arguments in its motion, all of which fail to warrant reconsideration because they (1) were previously considered and rejected on the City's motion to dismiss, (2) were not raised in that motion, but could have been, or (3) do not show that the court made any manifest error. See id. The court addresses each of the City's arguments in turn.[1]

The City first argues that the court erred by reasoning that the Claremont Code of Ordinance definitions of "Family" and "Boarding House" were relevant to the Notice of Violations and Order to Vacate (doc. no. 1-1) (the "Notice and Order"). Instead, the City argues, the operative definition that triggered the purported necessity of building code upgrades was the definition of "congregate living facilities" contained in the New Hampshire Building Code. This argument fails to

---

[1] In addition to terms defined herein, this order will use terms previously defined in the court's order at doc. no. 26.

demonstrate manifest error because, among other reasons, it cannot be squared with the text of the Notice and Order itself, which states:

> This building was previously used and classified as a single-family home and now is unlawfully being used as a boarding house without approved permits or a certificate of occupancy issued.
> *Action:* The change in use of the entire building will require plans and a code summary to be done by a NH licensed architect as required by the [building code].

Doc. no. 1-1 at 2. This language supports the court's reading of the Notice and Order as stating that the requirement of "plans and a code summary" was triggered by the "change in use" from "a single-family home" to a "boarding house." Id. The Ordinance definitions of "family" and "boarding house" are relevant to the claim that the Property had undergone such a "change in use." Id.

Additionally, the court considered the lack of relevant definitions and citations in the Notice and Order in relation to its broader finding that the Notice and Order was opaque and lacked a clear explanation of what the City claimed triggered the requirement for building upgrades, or what specific life safety and fire protection issues had been identified as missing during the City's inspection of the Property. The City's argument that it was, in fact, the definition of "congregate living facilities" that triggered the requirement for building upgrades does nothing to unsettle this finding—the purportedly relevant definition for "congregate living facilities" is also absent from the Notice and Order. Indeed, the Notice and Order does not mention "congregate living facilities" at all.

3

The City next argues that the court misapprehended that the New Hampshire sprinkler law's exception for recovery houses is conditioned on additional building safety requirements. This argument does not warrant reconsideration because (1) the court did indeed recognize that the sprinkler law exempts recovery houses "pursuant to certain statutory requirements" (doc. no. 26 at 17 n.7), and (2) the fact that the recovery house exception is conditioned on compliance with such requirements does not undermine the court's point in mentioning the exception, which was to denote differences between the facts of Summers v. City of Fitchburg, 940 F.3d 133 (1st Cir. 2019), and the facts of this case.

Next, the City argues that the court erred in characterizing the legal argument that sober homes are prohibited in all zoning districts in Claremont as "legally dubious." Doc. no. 27 ¶ 4. To be clear, the court did not find in its order on the motion to dismiss, nor does it find now, that sober housing <u>is</u> permitted under the Claremont Code of Ordinances as a matter of law. Rather, the City claimed, in a June 11 letter to plaintiffs, that sober housing <u>was not</u> permitted in the relevant zoning district, but never explained or defended that claim in its briefing on the motion to dismiss. The court expressed skepticism about that claim and the implication that—because sober housing is not explicitly listed as a permitted use in the table of uses—it is necessarily prohibited. The City's argument on this point fails to warrant reconsideration because (1) it fails to demonstrate any misapprehension on the part of the court, let alone the manifest error required, (2)

4

it raises arguments that could have been raised on the motion to dismiss, but were not, and (3) the challenged finding of the court was not strictly necessary to the court's decision, as there were other claims in the June 11 letter alone from which the court found a reasonable inference of discriminatory intent could be drawn.

Next, the City argues that the court erred in determining that the ZBA had exclusive authority to reconsider the City's prior application of the zoning definitions (i.e., that plaintiffs' use of the Property could not qualify as single-family use after plaintiffs reduced its occupancy to five unrelated persons). In support of this argument, the City offers New Hampshire cases to support its argument that ZBA alone had the authority to provide plaintiffs relief. First, the court notes that this argument fails to warrant reconsideration because the City could have advanced it on its motion to dismiss but did not.

Second, even if the cases do show that the ZBA has sole authority to hear appeals of zoning determinations that are allegedly in error, the City does not establish that this rule governs the request for accommodation that plaintiffs made. As the court explained in its order: following the reduction in occupancy, plaintiffs were requesting a determination by the City that they were now in compliance with the ordinance requirements for single-family use. Thus, they were not seeking to appeal a determination they alleged was erroneous, they were seeking a new determination based on a material change in the nature of their use. The caselaw provided in the City's motion for reconsideration does not establish that ZBA action

5

would be required in such a situation, and thus cannot demonstrate the manifest error necessary to warrant reconsideration.[2]

Finally, the City argues that the court erred by finding that plaintiffs plead sufficient facts to make it plausible that their requested accommodation was necessary to allow them an equal opportunity to use and enjoy the Property as non-disabled persons would have had. Specifically, the City takes issue with the court's statement that the necessity requirement was not in dispute, citing a passage from its motion to dismiss briefing in which it argued that:

> [T]he facts as alleged in the Complaint would still be insufficient to survive a Motion to Dismiss as the plaintiffs do not allege, much less demonstrate, that an exception from the building and fire safety codes applicable to boarding houses, is both reasonable and ***necessary*** in order to allow people recovering from substance abuse to access housing.

Doc. no. 27 ¶ 7 (quoting doc. no. 14 at 7) (emphasis in doc. no. 14). While the City did indeed make this conclusory statement regarding the necessity requirement in its briefing, that dispute only related to the necessity of "an exception from the building and fire safety codes applicable to boarding houses." Id. As the court explained in its order, the City failed to offer any substantive answer to the necessity of plaintiffs' allegation regarding its actual requested accommodation: that five unrelated individuals living communally, who were not in recovery, would

---

[2] The City's argument that the court erred because ZBA intervention would have been necessary to grant a variance from the zoning ordinance fails for the same reasons described in this paragraph, and for the additional reason that the court previously considered and rejected the theory that a variance would have been necessary to provide the accommodation plaintiffs sought. See doc. no. 26 at 12-23.

have been permitted to live at the Property under the existing single-family certificate of occupancy. Thus, the City fails to identify any misapprehension by the court, much less manifest error. To the extent that the City seeks to renew its argument that plaintiffs failed to allege sufficient facts to make it plausible that an exception from the building and fire safety codes was necessary, that effort does not warrant reconsideration because the court previously considered and rejected that argument. To the extent that the City cites new cases not included in its briefing on the motion to dismiss to argue that plaintiffs' allegations regarding necessity were insufficient, that effort also fails to warrant reconsideration because plaintiffs could have raised those arguments on the original motion but failed to do so.

## CONCLUSION

The City's motion to reconsider (doc. no. 27) is denied.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

April 22, 2025
cc: Counsel of Record